

# Fourth Court of Appeals
## San Antonio, Texas

August 1, 2019

No. 04-19-00267-CR

John Marshall **LEE,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 00-0495-CR
Honorable Gus J. Strauss, Jr., Judge Presiding

# O R D E R

On October 12, 2000, appellant John Marshall Lee was convicted of two counts of murder and sentenced to ninety-nine and forty years' imprisonment, respectively. Appellant filed an application for writ of habeas corpus, contending that his trial counsel rendered ineffective assistance because he failed to timely file a notice of appeal. The Texas Court of Criminal Appeals granted appellant's application and found that appellant was entitled to the opportunity to file an out-of-time appeal. *Ex parte Lee*, No. WR-42,153-05, 2019 WL 1433730, at *1 (Tex. Crim. App. Mar. 27, 2019) (per curiam). The Court of Criminal Appeals directed appellant, if he wished to appeal, to file a written notice of appeal in the trial court within thirty days of the issuance of mandate. *Id.* Mandate issued on April 22, 2019. On March 29, 2019, appellant filed his notice of appeal in the trial court. *See* TEX. R. APP. P. 27.1(b) ("In a criminal case, a prematurely filed notice of appeal is effective . . . .").

The court reporter's record was originally due in our court on May 28, 2019. After the record was late, we ordered the court reporter to file the record. On July 11, 2019, the court reporter notified us that she had not received a request for a record, and she further stated: "There are no notes nor computer records available from the year 2000 for the above case."

Texas Rule of Appellate Procedure 34.6(f), entitled "Reporter's Record Lost or Destroyed," provides:

An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Accordingly, it is ORDERED that this appeal is ABATED to the trial court for a period of thirty days to permit the trial court to conduct a hearing to determine if appellant is entitled to a new trial based on the above enumerated circumstances in Texas Rule of Appellate Procedure 34.6(f).

The trial court is further ORDERED to cause a supplemental clerk's record to be filed in this court no later than thirty days from the date of this order containing the trial court's written findings of fact and conclusions of law addressing the above enumerated circumstances in Texas Rule of Appellate Procedure 34.6(f) and whether appellant is entitled to a new trial. All other appellate deadlines are suspended pending further order of this court.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of August, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court